UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KENNETH LANGSTON and DAWN LANGSTON, heirs on behalf of KENNETH DEVON LANGSTON, deceased,

        Plaintiffs,

    v.

MARK WILLIAMS JONES; NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK,

        Defendants.
_____/

NO. CIV. 09-797 WBS KJM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for July 13, 2009, and makes the following findings and orders without needing to consult with the parties any further.

I.   <u>SERVICE OF PROCESS</u>

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

1

1           II.   JOINDER OF PARTIES/AMENDMENTS

2           Defendants wish to join decedent's mother as a party to
3  this action.  Defendants shall have thirty (30) days from the
4  date of this Order to do so.  Other than this limited exception,
5  no further joinder of parties or amendments to pleadings will be
6  permitted except with leave of court, good cause having been
7  shown under Federal Rule of Civil Procedure 16(b).  See Johnson
8  v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

9           III.  JURISDICTION/VENUE

10          Jurisdiction is predicated upon 28 U.S.C. § 1349
11 (federal ownership of a corporate party).  See Vasquez v. N.
12 County Transit Dist., 292 F.3d 1049, 1060 (9th Cir. 2002).  Venue
13 is undisputed and is hereby found to be proper.

14          IV.   DISCOVERY

15          The parties shall serve initial disclosures required by
16 Federal Rule of Civil Procedure 26(a)(1) no later than July 23,
17 2009.

18          The parties shall disclose any experts and produce
19 reports in accordance with Federal Rule of Civil Procedure
20 26(a)(2) no later than March 1, 2010.  With regard to expert
21 testimony intended solely for rebuttal, those experts shall be
22 disclosed and reports produced in accordance with Federal Rule of
23 Civil Procedure 26(a)(2) on or before April 5, 2009.

24          All discovery, including depositions for preservation
25 of testimony, is left open, save and except that it shall be so
26 conducted as to be completed by May 28, 2010.  The word
27 "completed" means that all discovery shall have been conducted so
28 that all depositions have been taken and any disputes relevant to

discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the Magistrate Judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) no later than May 28, 2010.

### V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before June 11, 2010. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

### VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for August 23, 2010, at 2:00 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement that identifies every non-discovery motion that has been made to the

1 court, and its resolution; (2) a list of the remaining claims as
2 against each defendant; and (3) the estimated number of trial
3 days.
4     In providing the plain, concise statements of
5 undisputed facts and disputed factual issues contemplated by
6 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
7 claims that remain at issue and any remaining affirmatively pled
8 defenses thereto.  If the case is to be tried to a jury, the
9 parties shall also prepare a succinct statement of the case,
10 which is appropriate for the court to read to the jury.
11     VII.  <u>TRIAL SETTING</u>
12     The trial is set for October 26, 2010, at 9:00 a.m.
13 The parties waive a jury trial and anticipate that a bench trial
14 will last five to six court days.
15     VIII.  <u>VDRP & SETTLEMENT CONFERENCE</u>
16     The parties have expressed interest in pursuing VDRP
17 and may do so pursuant to the procedures provided for in Local
18 Rule 16-271.
19     A Settlement Conference will be set at the time of the
20 Pretrial Conference.  All parties should be prepared to advise
21 the court whether they will stipulate to the trial judge acting
22 as settlement judge and waive disqualification by virtue thereof.
23     Counsel are instructed to have a principal with full
24 settlement authority present at the Settlement Conference or to
25 be fully authorized to settle the matter on any terms.  At least
26 seven calendar days before the Settlement Conference, counsel for
27 each party shall submit a confidential Settlement Conference
28 Statement for review by the settlement judge.  If the settlement

4

judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

### IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED:  July 8, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE